1   SCOTT SCHOOLS
United States Attorney
2   450 Golden Gate Ave (11ᵗʰ Floor)
San Francisco, CA 94102
3   Telephone: (415) 436-7200

**FILED**

APR 1 0 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

4   Attorneys for the United States                    **E-FILING**

5                    UNITED STATES DISTRICT COURT

6                    NORTHERN DISTRICT OF CALIFORNIA

7                         SAN JOSE DIVISION

8
9   UNITED STATES OF AMERICA,          )   CRIMINAL NO. 08-mj-70213 HRL
                                       )
10          Plaintiff,                 )
                                       )   NOTICE OF PROCEEDINGS ON
11       v.                            )   OUT-OF-DISTRICT CRIMINAL
                                       )   CHARGES PURSUANT TO RULES
12   Khanh Ngoc Quach                  )   5(c)(2) AND (3) OF THE FEDERAL RULES
                                       )   OF CRIMINAL PROCEDURE
          Defendant.                   )
13                                     )
                                       )
14   _____)

15      Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal

16   Procedure that on _4/10/08_, the above-named defendant was arrested based upon an

17   arrest warrant (copy attached) issued upon an

18   ☒ Indictment    ☐ Information    ☐ Criminal Complaint    ☐ Other_____

     pending in the _Southern_ District of _Texas_, Case Number _07CR388_.
19
20      In that case, the defendant is charged with a violation(s) of Title(s) ____ United States Code,

21   Section(s) _____ .

     Description of Charges: _____.
22

23
24                                        Respectfully Submitted,
                                          SCOTT SCHOOLS
25   Date: _4/1/08_                       UNITED STATES ATTORNEY

26                                        _____
                                          Assistant U.S. Attorney
27

28

                         DOCUMENT NO.    CSA's
                                         INITIALS

                              1    e

                         DISTRICT COURT
                    CRIMINAL CASE PROCESSING

                                1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA
                    v.
                                                                      **WARRANT FOR ARREST**
Khanh Ngoc Quach

aka Sister Khanh

**Sealed**
Public and unofficial staff access
to this instrument are
prohibited by court order.    CRIMINAL CASE NUMBER:    4:07-CR-388-S-013

To:  The United States Marshal
and any authorized United States Officer

        **YOU ARE COMMANDED TO ARREST**  Khanh Ngoc Quach  aka  Sister Khanh

and bring him or her forthwith to the nearest magistrate to answer a(n)

[X] Indictment  [ ] Information  [ ] Complaint  [ ] Order of Court  [ ] Violation Notice  [ ]  Probation Violation Petition

charging him or her with (brief description of
offense)

Count 1          Conspiracy to Launder Monetary Instruments    18 USC 1956(h)
Counts 9, 10, 11-13  Aiding and Abetting Monetary Instruments    18 USC 1956(a)(1)(A)(i)

in violation of Title United States Code, Section(s)

Michael N. Milby                                           Clerk

Name of Issuing Officer                                    Title of Issuing Officer

by                                          Deputy Clerk   Houston., TX     03/7/2008

Signature of Issuing Officer                               Date and Location

Government Requests

Bail fixed at   Detention                          by    Calvin Botley

                                                          United States Magistrate Judge

                                    RETURN

This warrant was received and executed with the arrest of the above-named defendant at:

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

MAR 0 5 2008

Michael N. Milby, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA §<br>§<br>VS §<br>§<br>§<br>1. NGUYEN THI DAO VO, aka §<br>   "Sister One" §<br>2. HONGKHAI NGUYEN, aka §<br>   "Brother Six" §<br>3. LY PHAN LE §<br>4. NGUYEN QUANG HOANG §<br>5. NHAT HOANG DINH, aka §<br>   "Mikey" §<br>6. HUYEN THI MONG TRAN, §<br>   aka "Helen" aka "Lady §<br>   Boss" aka "Sister §<br>   Den"aka "Lady Den"aka §<br>   "Lady Den" §<br>7. CHUONG NGUYEN, aka §<br>   "Gay" §<br>8. DANNY CHAU, aka "Dog §<br>   Boy" aka "Dog Guy" §<br>9. LAN NGO, aka "Brother §<br>   Lan" §<br>10. SON THANH TRAN §<br>11. KHANH NGOC QUACH, aka §<br>    "Sister Khanh" §<br>§<br>§<br>§<br>§ | CRIMINAL NO.  H-07-388-S<br><br><br>__SUPERCEDING INDICTMENT__ |

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, Clerk of Court
By
                Deputy Clerk

**THE GRAND JURY CHARGES:**

## COUNT 1

### Conspiracy to Commit Money Laundering

#### The Conspiracy

From in or about January, 2003, and continuing thereafter up to and including the date of this indictment, in the Southern District of Texas, and elsewhere, and within the jurisdiction of this Court,

**NGUYEN THI DAO VO, aka "Sister One",
HONGKHAI NGUYEN, aka "Brother Six",
LY PHAN LE,
NGUYEN QUANG HOANG,
NHAT HOANG DINH, aka "Mikey",
HUYEN THI MONG TRAN, aka "Helen" aka "Lady Boss" aka
"Sister Den"aka "Lady Den" aka "Lady Den",
CHUONG NGUYEN, aka "Gay",
DANNY CHAU, aka "Dog Boy" aka "Dog Guy",
LAN NGO, aka "Brother Lan",
SON THANH TRAN,
and
KHANH NGOC QUACH, aka "Sister Khanh",**

defendants herein, did knowingly and intentionally agree, combine, conspire and confederate with each other and others known and unknown to the Grand Jury, to commit the following offenses:

1.   To knowingly conduct and attempt to conduct a

2

financial transaction affecting interstate and foreign commerce, that is, the transfer of United States currency, which involved the proceeds of specified unlawful activity, namely, violations of Title 21, United States Code, Sections 841 and 846, with the intent to promote the carrying on of the specified unlawful activity and knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A).

2. To knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, that is, the transfer of United States currency, which involved the proceeds of specified unlawful activity, namely, violations of Title 21, United States Code, Sections 841 and 846, knowing that the transaction in whole or in part was designed to conceal or disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity and, knowing the property involved in the financial transaction represented the proceeds of some form of

3

unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B).

In violation of Title 18, United States Code, Section 1956(h).

## Manner and Means of the Conspiracy

1.  It was a part of the conspiracy that one or more of the conspirators would request or direct one or more other members of the conspiracy to travel to locations to collect or acquire narcotics proceeds from one or more co-conspirators.

2.  It was further a part of the conspiracy that following the collection or acquisition of the narcotics proceeds, one or more of the conspirators would request or direct one or more other members of the conspiracy to transport the narcotics proceeds to other individuals for subsequent disposition and transfer.

3.  It was further a part of the conspiracy that one or more members of the conspiracy would be paid money for transporting, transferring, and disposing of the narcotics proceeds to the care of others.

All in violation of Title 18, United States Code, §

4

1956(h).

## OVERT ACTS

In furtherance of the conspiracy described in count one and to effect the objects thereof, the defendants named therein and other persons both known and unknown to the Grand Jury, performed or caused the performance of the following Overt Acts, among others not described herein, in the Southern District of Texas and elsewhere:

1.  The Grand Jury specifically realleges and adopts by reference each and every allegation contained in Counts 2 through 14.

2.  Between the dates of December 16, to December 20, 2006, a courier traveled from Houston, Texas, to Philadelphia, Pennsylvania, met with an individual, took possession of $155,000 in United States currency from that individual, and then delivered those funds to another individual in Dallas, Texas.

3.  On or about January 16, 2007, law enforcement officers seized $575,150 in United States currency from an individual in Los Angeles, California.

4.  Between the dates of January 19, to January 24,

5

2007, a courier traveled from Houston, Texas, to Philadelphia, Pennsylvania, met with an individual, took possession of $200,000 in United States currency from that individual, traveled to Romulus, Michigan, met with a second individual, took possession of $50,000 in United States currency, and then delivered the total of $250,000 in United States currency to a third individual in Romulus, Michigan.

5. Between the dates of January 26, to January 29, 2007, a courier received approximately $9,785 in United States currency.

6. Between the dates of February 22, to February 25, 2007, a courier traveled from Houston, Texas, to Los Angeles, California, with $295,000 in United States currency met **NHAT HOANG DINH, aka "Mikey"**, in Los Angeles, California, and received from **NHAT HOANG DINH, aka "Mikey"**, an additional $317,250 in United States currency.

7. Between the dates of February 22, to February 25, 2007, a courier met an individual in Los Angeles, California, and delivered to the individual $300,000 in

United States currency.

8.    On or about February 25, 2007, law enforcement officers seized $460,500 in United States currency from an individual in Chino Hills, California.

9.    Between the dates of February 22, to February 25, 2007, a courier met an individual in Los Angeles, California, and delivered to the individual $312,250 in United States currency.

10. On February 25, 2007, a courier delivered $312,250 in United States currency to an individual in Los Angeles, California. The individual was observed on several occasions frequenting storage unit A-408, located at 8180 East Old Canal Road in Anaheim Hills, California.

11. On April 5, 2007, a gray 2005 truck bearing British Columbia, Canada license plate number UEX24F was observed at storage unit A-408, located at 8180 East Old Canal Road in Anaheim Hills, California.

12. On April 5, 2007, law enforcement officers seized $892,040 in United States currency from storage unit A-408, located at 8180 East Old Canal Road in Anaheim Hills, California.

7

13.   On or about April 7, 2007, law enforcement officers seized fifty kilograms of cocaine from a trailer being towed by a gray 2005 truck bearing British Columbia, Canada license plate number UEX24F at the Port of Entry in Oroville, Washington.

14. Between the dates of March 5, and March 8, 2007, a courier traveled from Houston, Texas, to St. Paul, Minnesota, met with **SON THANH TRAN** and took possession of $150,000 in United States currency.

15.  Between the dates of March 5, and March 8, 2007, a courier traveled from St. Paul, Minnesota, to Chicago, Illinois, met with an individual and took possession of $150,000 in United States currency.

16.  Between the dates of March 5, and March 8, 2007, a courier traveled from Chicago, Illinois, to Romulus, Michigan, where the courier met with an individual in Romulus, Michigan, and delivered to the individual $300,100 in United States currency.

17.  On or about March 8, 2007, law enforcement officers seized $300,100 in United States currency from an individual in Detroit, Michigan.

18. Between the dates of May 1, and May 2, 2007, **DANNY CHAU, aka "Dog Boy" aka "Dog Guy"**, traveled to Houston, Texas and received approximately $200,000 in United States currency from **NGUYEN QUANG HOANG** in Houston.

19. On or about May 21, 2007, an individual was stopped by law enforcement officers in New Castle County, Delaware and $245,000 in United States currency was seized.

20. On or about May 22, 2007, **NHAT HOANG DINH, aka "Mikey"**, was observed delivering a blue duffle bag to two female individuals in Los Angeles, California.

21. On or about May 22, 2007, law enforcement officers seized $473,930 in United States currency secreted in a vehicle occupied by two female individuals. A blue duffle bag was also seized from the vehicle.

## COUNT 2

That between the dates of January 11, to January 16, 2007, in the Houston Division of the Southern District of Texas, and elsewhere,

**NGUYEN THI DAO VO, aka "Sister One",**
**and**
**HONGKHAI NGUYEN, aka "Brother Six",**

defendants herein, and others known and unknown to the Grand Jury, aiding and abetting each other, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce and which involved the proceeds of specified unlawful activity, namely $220,000 in United States currency, the sale and distribution of controlled substances, with the intent to promote the carrying on of the specified unlawful activity, and  knowing that the transaction in whole or in part was designed to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity.

In violation of 18 U.S.C. Sections 2 and 1956(a)(1)(A)(i) and (B)(i).

10

## COUNT 3

That on or about February 11, to February 15, 2007, in the Houston Division of the Southern District of Texas, and elsewhere,

**NGUYEN THI DAO VO, aka "Sister One",**
**LY PHAN LE,**
**LAN NGO, aka "Brother Lan",**
**and**
**KHANH NGOC QUACH, aka "Sister Khanh",**

defendants herein, and others known and unknown to the Grand Jury, aiding and abetting each other, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce and which involved the proceeds of specified unlawful activity, namely $150,000 in United States currency, the sale and distribution of controlled substances, with the intent to promote the carrying on of the specified unlawful activity, and knowing that the transaction in whole or in part was designed to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity.

In violation of 18 U.S.C. Sections 2 and 1956(a)(1)(A)(i) and (B)(i).

11

## COUNT 4

That between the dates of February 15, to February 17, 2007, in the Houston Division of the Southern District of Texas, and elsewhere,

**NGUYEN THI DAO VO, aka "Sister One",**
**NGUYEN QUANG HOANG,**
**LY PHAN LE,**
**and**
**KHANH NGOC QUACH, aka "Sister Khanh",**

defendants herein, and others known and unknown to the Grand Jury, aiding and abetting each other, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce and which involved the proceeds of specified unlawful activity, namely $100,000 in United States currency, the sale and distribution of controlled substances, with the intent to promote the carrying on of the specified unlawful activity, and knowing that the transaction in whole or in part was designed to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity.

In violation of 18 U.S.C. Sections 2 and 1956(a)(1)(A)(i) and (B)(i).

12

## COUNT 5

That on or about February 21, 2007, in the Houston Division of the Southern District of Texas, and elsewhere,

**NGUYEN THI DAO VO, aka "Sister One",**

defendant herein, and others known and unknown to the Grand Jury, aiding and abetting each other, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce and which involved the proceeds of specified unlawful activity, namely $160,000 in United States currency, the sale and distribution of controlled substances, with the intent to promote the carrying on of the specified unlawful activity, and knowing that the transaction in whole or in part was designed to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity.

In violation of 18 U.S.C. Sections 2 and 1956(a)(1)(A)(i) and (B)(i).

13

## COUNT 6

That on or about February 21, 2007, in the Houston Division of the Southern District of Texas, and elsewhere,

**NGUYEN THI DAO VO, aka "Sister One",**
**and**
**NGUYEN QUANG HOANG,**

defendants herein, and others known and unknown to the Grand Jury, aiding and abetting each other, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce and which involved the proceeds of specified unlawful activity, namely $70,000 in United States currency, the sale and distribution of controlled substances, with the intent to promote the carrying on of the specified unlawful activity, and  knowing that the transaction in whole or in part was designed to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity.

In violation of 18 U.S.C. Sections 2 and 1956(a)(1)(A)(i) and (B)(i).

14

## COUNT 7

That Between the dates of March 19, to March 20, 2007, in the Houston Division of the Southern District of Texas, and elsewhere,

**NGUYEN THI DAO VO, aka "Sister One",**
**and**
**CHUONG NGUYEN, aka "Gay",**

defendants herein, and others known and unknown to the Grand Jury, aiding and abetting each other, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce and which involved the proceeds of specified unlawful activity, namely $17,000 in United States currency, the sale and distribution of controlled substances, with the intent to promote the carrying on of the specified unlawful activity, and knowing that the transaction in whole or in part was designed to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity.

In violation of 18 U.S.C. Sections 2 and 1956(a)(1)(A)(i) and (B)(i).

## COUNT 8

That between the dates of March 29, to March 30, 2007, in the Houston Division of the Southern District of Texas, and elsewhere,

**NHAT HOANG DINH, aka "Mikey",**
**and**
**CHUONG NGUYEN, aka "Gay",**

defendants herein, and others known and unknown to the Grand Jury, aiding and abetting each other, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce and which involved the proceeds of specified unlawful activity, namely $200,300 in United States currency, the sale and distribution of controlled substances, with the intent to promote the carrying on of the specified unlawful activity, and knowing that the transaction in whole or in part was designed to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity.

In violation of 18 U.S.C. Sections 2 and 1956(a)(1)(A)(i) and (B)(i).

16

## COUNT 9

That between the dates of May 25, to June 2, 2007, in the Houston Division of the Southern District of Texas, and elsewhere,

**NGUYEN THI DAO VO, aka "Sister One",**
**and**
**DANNY CHAU, aka "Dog Boy" aka "Dog Guy",**

defendants herein, and others known and unknown to the Grand Jury, aiding and abetting each other, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce and which involved the proceeds of specified unlawful activity, namely $196,000 in United States currency, the sale and distribution of controlled substances, with the intent to promote the carrying on of the specified unlawful activity, and knowing that the transaction in whole or in part was designed to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity.

In violation of 18 U.S.C. Sections 2 and 1956(a)(1)(A)(i) and (B)(I).

17

## COUNT 10

That between the dates of May 31, to June 4, 2007, in the Houston Division of the Southern District of Texas, and elsewhere,

**NGUYEN THI DAO VO, aka "Sister One",**
**HUYEN THI MONG TRAN, aka "Helen" aka "Lady Boss" aka**
**"Sister Den"aka "Lady Den"aka "Lady Den",**
**DANNY CHAU, aka "Dog Boy" aka "Dog Guy", and**
**CHUONG NGUYEN, aka "Gay",**

defendants herein, and others known and unknown to the Grand Jury, aiding and abetting each other, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce and which involved the proceeds of specified unlawful activity, namely $420,000 in United States currency, the sale and distribution of controlled substances, with the intent to promote the carrying on of the specified unlawful activity, and knowing that the transaction in whole or in part was designed to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity.

In violation of 18 U.S.C. Sections 2 and 1956(a)(1)(A)(i) and (B)(i).

18

## COUNT 11

That between the dates of June 28, to July 7, 2007, in the Houston Division of the Southern District of Texas, and elsewhere,

**NGUYEN THI DAO VO, aka "Sister One",**
**SON THANH TRAN,**
**LAN NGO, aka "Brother Lan",**
**and**
**KHANH NGOC QUACH, aka "Sister Khanh",**

defendants herein, and others known and unknown to the Grand Jury, aiding and abetting each other, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce and which involved the proceeds of specified unlawful activity, namely $99,910 in United States currency, the sale and distribution of controlled substances, with the intent to promote the carrying on of the specified unlawful activity, and knowing that the transaction in whole or in part was designed to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity.

In violation of 18 U.S.C. Sections 2 and 1956(a)(1)(A)(i) and (B)(i).

19

## COUNT 12

That between the dates of July 23, to July 25, 2007, in the Houston Division of the Southern District of Texas, and elsewhere,

**NGUYEN THI DAO VO, aka "Sister One",**
**LAN NGO, aka "Brother Lan",**
**and**
**KHANH NGOC QUACH, aka "Sister Khanh",**

defendants herein, and others known and unknown to the Grand Jury, aiding and abetting each other, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce and which involved the proceeds of specified unlawful activity, namely $100,000 in United States currency, the sale and distribution of controlled substances, with the intent to promote the carrying on of the specified unlawful activity, and knowing that the transaction in whole or in part was designed to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity.

In violation of 18 U.S.C. Sections 2 and 1956(a)(1)(A)(i) and (B)(i).

20

## COUNT 13

That between the dates of July 23, to August 9, 2007, in the Houston Division of the Southern District of Texas, and elsewhere,

**NGUYEN THI DAO VO, aka "Sister One",**
**LAN NGO, aka "Brother Lan",**
**and**
**KHANH NGOC QUACH, aka "Sister Khanh",**

defendants herein, and others known and unknown to the Grand Jury, aiding and abetting each other, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce and which involved the proceeds of specified unlawful activity, namely $70,000 in United States currency, the sale and distribution of controlled substances, with the intent to promote the carrying on of the specified unlawful activity, and knowing that the transaction in whole or in part was designed to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity.

In violation of 18 U.S.C. Sections 2 and 1956(a)(1)(A)(i) and (B)(i).

21

## COUNT 14

That between the dates of July 31, to August 9, 2007, in the Houston Division of the Southern District of Texas, and elsewhere,

**NGUYEN THI DAO VO, aka "Sister One",
HUYEN THI MONG TRAN, aka "Helen" aka "Lady Boss" aka
"Sister Den"aka "Lady Den"aka "Lady Den",
LAN NGO, aka "Brother Lan", and
KHANH NGOC QUACH, aka "Sister Khanh",**

defendants herein, and others known and unknown to the Grand Jury, aiding and abetting each other, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce and which involved the proceeds of specified unlawful activity, namely $40,000 in United States currency, the sale and distribution of controlled substances, with the intent to promote the carrying on of the specified unlawful activity, and knowing that the transaction in whole or in part was designed to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity.

In violation of 18 U.S.C. Sections 2 and 1956(a)(1)(A)(i) and (B)(i).

22

## NOTICE OF CRIMINAL FORFEITURE

## (18 U.S.C. § 982)

Pursuant to Title 18, United States Code, Section 982, as a result of the commission of a money laundering offense as charged in counts one through fourteen in the in the indictment, notice is given that the defendants :

NGUYEN THI DAO VO, aka "Sister One",
HONGKHAI NGUYEN, aka "Brother Six",
LY PHAN LE,
NGUYEN QUANG HOANG,
NHAT HOANG DINH, aka "Mikey",
HUYEN THI MONG TRAN, aka "Helen" aka "Lady Boss" aka
"Sister Den"aka "Lady Den"aka "Lady Den",
CHUONG NGUYEN, aka "Gay",
DANNY CHAU, aka "Dog Boy" aka "Dog Guy",
LAN NGO, aka "Brother Lan",
SON THANH TRAN,
and
KHANH NGOC QUACH, aka "Sister Khanh",

in the event of conviction, the United States intends to forfeit all property, real and personal, involved in such offense and all property traceable to such property, including, but not limited to, the following property:

Approximately $ 10,000,000 in United States currency.

SUBSTITUTE ASSETS

In the event that property subject to forfeiture, as a result of any act or omission of the defendants:

a.   cannot be located upon exercise of due diligence;
b.       has been placed beyond the jurisdiction of

23

the Court;

    c.    has been transferred or sold to, or deposited
        with a third party;

    d.    has been substantially diminished in value; or

    e.       has been commingled with other property
        which cannot be divided without difficulty;

it is the intent of the United States to seek
forfeiture of any other property of the defendant up to
the value of such property, pursuant to Title 18,
United States Code, Section 982(b)(1) incorporating
Title 21, United States Code, Section 853(p).

**A TRUE BILL**

ORIGINAL SIGNATURE ON FILE

FOREPERSON OF THE GRAND JURY

DONALD J. DeGABRIELLE, Jr.
United States Attorney

By: _____
    Ralph E. Imperato
    Assistant United States Attorney

By: _____
    Claude D. Hippard
    Assistant United States Attorney